9472, 9445.    VOLUNTEER STATE LIFE INSURANCE CO.
v. SPRATLING; and *vice versa.*

Under the terms of the life-insurance policy sued on, the loan value available for automatic payment of premium which the insured had failed to pay was not sufficient to "carry the policy in force, in the form as written," to the date of his death.

The insurance company was not estopped from declaring a forfeiture of the policy, it appearing that the sum necessary to pay the past-due premium was not paid or tendered until after the death of the insured.

The court did not err in sustaining the general demurrer to the second count of the petition, but erred in overruling the general demurrer to the first count, and in refusing to dismiss the petition.

DECIDED APRIL 4, 1919.

Action on insurance policy; from Fulton superior court—Judge Bell. November 29, 1917.

The questions certified by the Court of Appeals to the Supreme Court in this case were:

1. Under the facts as stated in the first count of the petition, and under the provisions of the policy of insurance sued upon, was the available loan value on the policy sufficient to keep the policy in full force and effect to a period beyond the death of the insured?

2. Under the facts as stated in the second count of the petition, together with the exhibits, and the provisions of the policy of insurance sued upon, is the defendant estopped from declaring a forfeiture of the policy?

*Little, Powell, Smith & Goldstein, W. B. Miller,* for the insurance company, cited: *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296; *Perkins* v. *Empire Life Ins. Co.,* 17 *Ga. App.* 658.

*Jones & Chambers, Samuel Barnett,* contra, cited: *Arnold* v. *Empire Life Ins. Co.,* 3 *Ga. App.* 685; 25 Cyc. 739, and cases cited supra; (estoppel) *American Ins. Co.* v. *McVickers,* 135 *Ga.* 118; *McDaniel* v. *Ins. Co.,* 134 *Ga.* 189; *Wilkins* v. *Gibson,* 113 *Ga.* 50; *Rives* v. *Lamar,* 94 *Ga.* 190; Covenant Mut. L. Ins. Co. *v.* Kentner, 188 Ill. 431; Shaw *v.* Republic Life Ins. Co., 69 N. Y. 286.

BROYLES, P. J. In answer to questions certified by this court, the Supreme Court, on November 16, 1918, rendered the following opinion (the decision was held up, however, by a motion for a rehearing, until February 24, 1919, when the motion was denied by the Supreme Court):

"A limited payment (20-pay) life-insurance policy was issued

on May 25, 1913. The insured paid the first premium on the date of issue, the second premium on May 25, 1914, and the third on May 25, 1915. The premium due on May 25, 1916, was not paid. The insured died on August 25, 1916. The insured had borrowed on the policy $337.11, and the interest on the amount had been paid up to May 25, 1916. The premium, as stated in the face of the policy, was $316.89, payable annually. The policy provided: 'The company will, at any time after three full years' premiums have been paid, advance upon the sole security of this policy, when legally assigned, a sum equal to the amount specified in the table below, less any indebtedness to the company on account of this policy. The interest on such loan shall not exceed six per cent. per annum, and shall be payable annually in advance.' The loan or surrender value of the policy, as stated in the table referred to, was $396 after the policy had been in force three years; $621 after four years. The policy further provided: 'In the event the insured should, at any premium date or within the days of grace thereafter, after three full years' premiums have been paid hereon, fail to pay or cause to be paid the then current premium, if the policy be not surrendered by the insured with a choice of one of the options herein guaranteed, and if at the time of the non-payment of premium there is a loan value hereon in excess of all indebtedness that may then exist against the policy together with interest, the company will apply such available loan value towards the payment of the premium then due, with interest thereon at a rate not exceeding six per cent. (6%) per annum, chargeable annually in advance; and will continue to carry said policy in force, in the form as written and at the rate of premium as provided for in the face hereof, subject to its terms and such indebtedness, the same as if the premium had been paid in cash; and will continue to so apply such loan value as long as such value, at the rate of premium provided in the face hereof, will suffice to pay for even one day's premium. At any time while this policy is thus in force the insured may resume payment of premiums thereon without medical re-examination, and in that event any indebtedness against the policy may either be paid in cash or allowed to remain as a loan hereon. All such indebtedness shall be a first lien on the policy, and the policy will lapse unless premium payments are resumed by the insured within the actual period of extension.' The non-

forfeiture provisions of the policy, other than the automatic premium-loan clause last above quoted, gave to the insured the option to surrender the policy to the company, after the policy had been in force three full years, and at any time prior to default in premium payment, or within the days of grace (one month) thereafter, and to take (1) the cash surrender value, as indicated by the table set out in the policy, less any indebtedness to the company on account of the policy; or (2) a non-participating paid-up life policy for a reduced amount, as indicated by the table; or (3) a non-participating paid-up term policy for the full amount insured by the policy, as indicated by the table, with a provision in (2) and (3) as to any indebtedness to the company on account of the policy. The insured did not surrender the policy, and did not elect to take any of the options last above referred to.

"On June 26, 1916, the fourth annual premium having become due on May 25, 1916, the company offered to loan to the insured the full amount available after the policy had been in force four years, to wit, $621, at the same time tendering the insured a loan agreement to be executed by himself and his wife, the latter being the beneficiary named in the policy. Along with the loan agreement the company furnished to the insured a statement of his indebtedness to it, showing: former loan, $337.11; premium due on May 25, 1916, $316.89, and interest to May 25, 1917, $37.26, making a total of $691.26; and required the insured to pay the additional sum of $70.26 to cover the total of his indebtedness to the company. On June 27, 1916, the insured signed the agreement and forwarded it from Macon, Ga., to the beneficiary at Atlanta, Ga., with the request that she also execute the agreement and deliver it to the company together with the sum of $70.26. At the time of the receipt of the agreement by the beneficiary she was 'ill and bed-ridden and remained in this condition for several days, at which time she became wholly unconscious and remained in this condition until after the death of the insured; and for said reasons was unable to execute said loan agreement prior to the death of the insured.' The insured died without knowing that the beneficiary had not complied with the 'wrongful' demands of the company. After the death of the insured the beneficiary completed the agreement and tendered it together with $70.26 to the company. One clause of the policy provided: 'This policy

is issued with the express understanding that the insured may, without the consent of the beneficiary, receive every benefit, exercise every right, and enjoy every privilege conferred upon him by the policy.' *Held:*

"1. Under the foregoing facts, the available loan value on the policy, to wit, $58.89 (conceding, without deciding, that interest at six per cent. per annum in advance on the existing loan and on the amount appropriated to the payment of the premium due should not be first deducted), was, under the automatic premium-loan clause quoted above, insufficient to 'carry the policy in force, in the form as written,' to the date of the insured's death, August 25, 1916.

"(a) The obligation of the company, under the automatic premium-loan clause quoted above, was to apply such available loan value toward the payment of the premium due, and to carry the policy in force 'in the form as written and at the rate of premium as provided for in the face' of the policy. In a strict technical sense no 'rate of premium' is provided in the face of the policy. The reference is, however, to the contract as written, and the words quoted above are to be given their usual and ordinary signification. The parties were dealing with this contract of insurance, to wit, a limited-payment life policy as distinguished from a purely protective policy or other form of contract.

"2. The insurance company was not estopped from declaring a forfeiture of the policy (conceding, without deciding, that its demand that the loan agreement be executed by the beneficiary was wrongful and unauthorized), it affirmatively appearing that the sum of money necessary to pay the past-due premium, interest in advance upon the loan, and the existing loan upon the policy was neither paid nor tendered to the company until after the death of the insured." 148 *Ga.* 687 (98 S. E. 464).

Under the foregoing decision, neither count of the petition set forth a cause of action; and the court properly sustained the general demurrer to the second count of the petition, but erred in overruling the general demurrer to the first count thereof, and in refusing to dismiss the entire petition.

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Bloodworth and Stephens, JJ., concur.*